

# The Attorney General of Texas

December 23, 1985

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. W. N. Kirby
Commissioner of Education
Texas Education Agency
201 East Eleventh Street
Austin, Texas    78701

Opinion No.  JM-407

Re: Allowable credit for prior
state service of student employees

Dear Mr. Kirby:

You inquire about the effect of the definition of a regular
employee in article V, section 7(d), of the 1979 General Appropria-
tions Act, and in each subsequent Appropriations Act, on length of
service computations for the longevity pay and vacation leave of a
state employee with previous employment at an institution of higher
education in a position that required student status as a condition
for employment.  The riders in question provided the following:

> For institutions and agencies of higher educa-
> tion, a regular employee is defined as one who is
> employed to work at least 20 hours per week for a
> period of at least four and one-half months, ex-
> cluding students employed in positions which
> require student status as a condition for employ-
> ment.  Only regular employees of institutions and
> agencies of higher education shall be eligible for
> paid vacation and leave as provided herein.

See Acts 1985, 69th Leg., ch. 980, art. V, §8d, at 7766.

We conclude that the exclusion of students employed in positions
that require student status from the definition of a regular employee
at institutions and agencies of higher education renders such
employees ineligible for paid vacation while so employed.  The length
of service computations that determine the amount of longevity pay and
vacation leave that an employee eligible for those benefits is
entitled to receive are provided by article 6813d, V.T.C.S., and by
article V, section 8a of the General Appropriations Act, respectively,
neither of which suggests that the legislature intended to exclude the
described employment from such computations.  V.T.C.S. art. 6813d;
Acts 1985, 69th Leg., ch. 980, art. V, §8a, at 7764.

Longevity pay for state employees is authorized by general
statutory law.  The statute provides that

> each state employee covered by the Position Classi-
> fication Act of 1961, each line item or exempt
> state employee, each regular full-time hourly
> employee of the state, and each regular full-time
> nonacademic employee of a state institution of
> higher education is entitled to longevity pay of a
> maximum of $4 per month for each year of service as
> an employee of the state up to and including 25
> years of service. . . . .

V.T.C.S. art. 6813d.

The issue before us is not whether a person is an employee who is
eligible to receive earned longevity pay under that statute. The
issue is the meaning of the phrase "for each year of service as an
employee of the state" for the purpose of computing the amount of
longevity pay, if any, that an eligible employee has earned.
Eligibility is not determined by the same criteria as that used to
compute the amount of an eligible employee's longevity pay. Cf.
Attorney General Opinion MW-282 (1980) (relating to eligibility of
employees to receive longevity pay).

Article 6813d neither defines nor qualifies the meaning of "an
employee of the state." It is our opinion that the language of the
statute is unqualified and does not exclude any class of state
employees. See Attorney General Opinion MW-100 (1979) (prior service
as national guard technician credited as service as an employee of the
state for purposes of longevity pay under article 6813d). Cf.
Attorney General Opinion H-684 (1975) (interpreting phrase "employees
of the state" in an appropriations act for purpose of accrual of sick
leave).

Where the legislature makes no exception to the provisions of a
statute, the presumption is that it intended no exceptions. It is
well settled that exceptions and restrictions in statutes are not
ordinarily implied. See Smith v. Henger, 226 S.W.2d 425, 435 (Tex.
1950); Spears v. City of San Antonio, 223 S.W. 166, 169 (Tex. 1920);
Stubbs v. Lowrey's Heirs, 253 S.W.2d 312, 313 (Tex. Civ. App. -
Eastland 1952, writ ref'd n.r.e.). Nothing in article 6813d suggests
that the legislature intended to exclude employment at an institution
of higher education in a position requiring student status from the
computation of the amount of longevity pay under that statute.

It also is well settled that an appropriations act may detail,
limit, or restrict the use of funds appropriated by the act, but a
rider attached to the General Appropriations Act may not conflict with
general law. See Jessen Associates, Inc. v. Bullock, 531 S.W.2d 593,
600 (Tex. 1975); Moore v. Sheppard, 192 S.W.2d 559 (Tex. 1946); State
v. Steele, 57 Tex. 203 (1882); Attorney General Opinions JM-343
(1985); M-1199 (1972). In authorizing the use of appropriated funds

for paid vacations for state employees, the riders in question have excluded employees at institutions of higher education who are not regular employees as defined by the riders. Thus, employees at institutions of higher education in positions that require student status as a condition of employment may not receive paid vacations. Student employees' eligibility for paid vacations is a different subject from the computation of the amount of longevity payments under article 6813d, and the rider is not in conflict with article 6813d.

General statutory law does not specify paid vacation for state employees, but riders to appropriations acts have authorized the use of funds appropriated by the acts for state employees' vacations. A rider in the General Appropriations Act for the current biennium provides, in pertinent part, that

> [o]ther than faculty with appointments of less than twelve months at institutions of higher education and other than instructional employees with contracts for periods of less than twelve months at the Texas School for the Blind and the Texas School for the Deaf, employees of the state shall, without deduction in salary be entitled to a vacation in each fiscal year. Such entitlement shall be earned in accordance with the following schedule:

| Employees With Total State Employment Of: | Hours Accrued Per Month | Maximum Hours to Carry Forward From One Fiscal Year to Next Fiscal Year |
|---|---|---|
| 0 but less than 2 years | 7 | 168 |
| 2 but less than 5 years | 8 | 192 |
| 5 but less than 10 years | 9 | 216 |
| 10 but less than 15 years | 10 | 240 |
| 15 but less than 20 years | 12 | 288 |
| 20 and over years | 14 | 336 |

> An employee will earn vacation entitlement beginning on the first day of employment with the state and terminating on the last day of duty. Vacation entitlement is accrued at the applicable rate cited above. . . . (Emphasis added).

Acts 1985, 69th Leg., ch. 980, art. V, §8a, at 7764.

Again, the issue before us is not whether an employee of an institution of higher education who is employed in a position that requires student status is eligible to earn vacation entitlement.

Article V, section 8d of the same act expressly provides that only regular employees of institutions of higher education are eligible for vacation leave and excludes such employees from its definition of regular employee. The issue is the criteria to be used in computing the amount of vacation entitlement that is earned by a state employee who is eligible for paid vacation. The rider provides that the rate at which vacation entitlement is earned is determined by the employee's "total state employment" without expressly excepting any state employment from the computation. An employee of a college or university who does not qualify as a regular employee eligible for paid vacation because the position requires student status is, nevertheless, in the employment of the state.

It is our opinion that if the legislature intended to limit longevity of state employment for the purpose of computing vacation entitlement by excluding certain state employment, the legislature expressly would have so provided. Cf. Attorney General Opinion H-941 (1977) (time on active military duty included within longevity of employment for purposes of determining amount of vacation entitlement but the accrual of vacation leave while on active duty not allowed). In answering questions concerning the accrual of the proper amount of vacation leave by state employees under prior appropriations acts, this office stated that

> [i]f there be any doubt or ambiguity in the statute calling for construction, it should be resolved in favor of the beneficiary under the well settled canon which demands a liberal construction in favor of encouraging State service by State employees.

Attorney General Opinion M-984 (1971).

## S U M M A R Y

Computations based on length of service as an employee of the state to determine the amount of longevity pay and vacation leave that an employee eligible for those benefits is entitled to receive are determined by article 6813d, V.T.C.S., and article V, section 8a of the current General Appropriations Act, respectively, and not by article V, section 8d of the current act. Article V, section 8d renders an employee ineligible for paid vacation if the person is employed in a position that requires student status at an institution of higher education as a condition of the employment. Neither article 6813d, V.T.C.S., nor article V, section 8a of the General Appropriations Act exclude such employment from length

of service computations that determine the amount
of an employee's longevity pay and vacation leave.

Very truly yours

JIM   MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Nancy Sutton
Assistant Attorney General